## GRIZZLE vs. GADDIS.

COMPLAINT FOR LAND, FROM LUMPKIN. Contracts. Equity. Specific Performance. Vendor and Purchaser. Landlord and Tenant. Betterments. (Before Judge Estes).

Hall, J.—1. Where one holding a title by deed from a former owner brought ejectment against the tenant in possession of land, the latter could not, by equitable plea, claim from the plaintiff a specific performance of a parol contract alleged to have been made between the defendant and the person from whom the plaintiff bought, and of which it was averred the plaintiff had notice. Especially could not this be done without making the plaintiff's feoffor a party. 18 Ga., 668.

2. A parol contract by which it was agreed that, if a man and his

family would take possession of certain land and cultivate and improve it, they should have it as their home during the lives of himself and wife, paying therefor a reasonable rent, and that if, at any time, after paying such rent from time to time, he should become able to purchase, the owner would convey to him a title for such price or sum as it was then worth, was too vague, uncertain and wanting in mutuality to furnish a foundation for a decree for specific performance, requiring a conveyance from the other party to the contract or one who purchased from him with notice. 71 Ga., 849–852; 5 Id., 341; 12 How., 126.

3. Nor, under such circumstances, would the original owner of the land or one who purchased from him with notice, be compelled to pay for improvements erected thereon by the occupant. It did not appear that he was able to pay for the land or that he ever demanded a deed prior to its sale. He held as a tenant of the original owner, and became a tenant of the purchaser; and he could neither render the latter liable for improvements not assented to by the landlord, nor could he change the relation of landlord and tenant except by consent of his landlord. Code 2284, 2283.

Judgment affirmed.

Wier Boyd, for plaintiff in error.

R. H. Baker, for defendant.